UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN SETTLE, | ) |
| Movant, | ) |
| v. | ) No. 4:12-CV-1534-JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Kelvin Settle's "Claim for Ineffective Assistance of Counsel" [Doc. #1], which will be liberally construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]

---

[1] The Court determines that it is not required to provide movant an opportunity either to consent to the reclassification or to withdraw his motion, see United States v. Morales, 304 F.3d 764 (8th Cir. 2002), because unlike the facts in Morales, the motion at bar is movant's second § 2255 motion, not his first.  Cf. United States v. Patton, 309 F.3d 1093 (8th Cir. 2002)(affirming denial of purported Rule 12(b)(2) motion that actually was a second or successive § 2255 motion, without employing Morales procedure); Boyd v. United States, 304 F.3d 813 (8th Cir. 2002)(where prior § 2255 motion had been denied, Morales procedure was not required before dismissal of motion that amounted to second or successive § 2255 motion). Moreover, because the instant motion is successive, and appears to be untimely as well, providing movant a Morales-type warning and an opportunity to withdraw his motion would be of no avail to him.

After a jury found movant guilty of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, movant was sentenced on October 30, 2008, to 120 months' imprisonment and ten years' supervised release.  See United States v. Settle, No. 4:07-CR-759-JCH (E.D. Mo.).  Movant did not file a direct appeal.

In support of the instant § 2255 motion, movant asserts numerous ineffective-assistance-of-counsel claims.  The Court's records show that movant filed his first § 2255 motion to vacate on March 9, 2009.  See Settle v. United States, No. 4:09-CV-385-JCH (E.D. Mo).  The motion was denied on the merits.  The United States Court of Appeals for the Eighth Circuit denied movant a certificate of appealability and dismissed the appeal.  Settle v. United States, No. 09-2096 (8th Cir. 2009).  Movant's petition for a writ of certiorari was denied.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks.  As such, the instant action will be summarily dismissed, without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court.  See 28 U.S.C. § 2255.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of September, 2012.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE